WARD, Judge,
dissenting.
I am of the opinion that the Trial Judge’s ruling should be affirmed. Relator has not made a showing of irreparable harm and any error allegedly made by the Trial Judge when he denied the exception of nonjoinder may be reviewed on appeal. This court, in countless decisions, has refused writ applications to review a Trial Judge’s denial of a dilatory exception because there was no showing of irreparable harm.
Nonetheless, even if irreparable harm had been shown, I would affirm. The burden of proof lies upon the party who raises the exception, in this case, the relator, Robert Chatelain; not upon respondents, Martzell, Montero, and Lamothe, as the majority holds. The Trial Judge obviously found that relator Chatelain had not proven the exception; that is, he did not prove that he was only jointly liable for his pro rata share of the debt arising from an employment contract.
*277 Even if Martzell, Montero, and Lamothe were charged with the burden of proof, I believe they have carried it. The only apparent evidence of the oral contract of employment is the letter referred to by the majority confirming the agreement. A casual reading of that letter shows that Mart-zell, Montero and Lamothe contracted with Chatelain alone, not with CMTS or its other corporate officers. The letter to Chatelain from a member of the firm is set out below with underlining supplied to support my opinion.
This will confirm your conversation with Jack [Martzell] in which you hired our firm to represent CMTS Investments, Inc., and its individual officers, including you, in connection with the injunction litigation presently pending in the Civil District Court and other courts in the State of Louisiana. This will also confirm your conversation with Jack wherein you agreed to hire our firm at the hourly rate of $150 per hour for services of any attorney in the office.
We look forward to representing you in this matter and hope that it can be brought to a successful conclusion shortly. (Emphasis added).
Although Chatelain filed affidavits to support his claim that his obligation, if any, is joint, those affidavits show only that Martzell, Montero and Lamothe promised Chatelain that they would represent Chate-lain, CMTS, and the other corporate officers, not that they would look to the others for payment of a pro rata share. An agreement to represent three does not exclude a promise by one (Chatelain) to pay the freight for all.
Confusion exists because the majority and counsel fail to distinguish between an obligation of Chatelain alone, and one that he owes with others, either jointly or in solido. A joint or solido obligation by definition presupposes that more than one is liable. If the contract is only with Chate-lain, then only Chatelain is liable under the contract, and he is liable for the whole debt. Martzell, Montero and Lamothe did not contract with CMTS and its other corporate officers. Martzell never once spoke with anyone other than Chatelain, and there is nothing — no corporate resolution, no letter of authority, nothing — to indicate Chatelain had authority to contract for both CMTS, and its corporate officers.
If in the unlikely event Jack Martzell was so stupid to agree that Chatelain would be liable only for one-third and that others whom he had never met and about whom he knew nothing would be liable for the remaining two-thirds, then liability would only be joint, Art. 643 applies; there is non-joinder. But for the majority to conclude Art. 643 applies, it must first reach this conclusion.
When the majority relies upon Art. 643 which provides that joint obligors are necessary parties, the majority must have necessarily assumed as proven that which was not proven; to-wit: the parties are indeed only jointly liable. As a matter of fact, this is the issue of this case, a question that should be left to a trial on the merits, not decided by this Court as a preliminary step before holding there is nonjoinder of necessary parties.
One cannot reach the conclusion there is nonjoinder under Art. 643 unless one also concludes there was several liability. One cannot conclude there was several liability unless one decides the merits of this case. If trial on the merits shows Chatelain is liable only severally, then Martzell, Montero and Lamothe are the losers, not Chatelain, because they failed to join others who were liable. If, on the other hand, as Chatelain argues, they are severally liable, then he has the right to file a third party petition to make them defendants, and if he is found liable for the whole he may demand indemnity from the others. If he is not found liable for the whole thing, he loses nothing, because he is then liable only for his pro rata portion of the debt.
If Chatelain, CMTS, and other corporate officers agreed that each would be liable for the whole debt, then they bound themselves in solido; Art. 643 applies; there is not nonjoinder; the dilatory exception falls. Since of the three only Chatelain was *278 present, I do not believe this is the case. However, if it were, then one debtor may be sued for the whole, and he, of course, may file a third party demand for contribution. While I do not believe the record supports this conclusion, I find that conclusion to be more reasonable than the majority’s which necessarily assumes Chatelain bound himself only jointly for a pro rata share, and that Martzell agreed with absent parties that they too would only be bound jointly for a pro rata share.
Finally, maintaining the exception and offering Martzell, Montero and Lamothe a choice of either amendment or dismissal forces them to pursue a theory of the case contrary to their belief of the facts, and now as an alternative they must allege facts they believe to be false or face dismissal of their lawsuit.